NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**SHIRLEY A. VARNADO,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2014-3107

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-13-0039-I-1.

---

Decided: March 6, 2015

---

SHIRLEY A. VARNADO, Davie, FL, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge,* TARANTO, *Circuit Judge,* and FOGEL, *District Judge.*[*]

PER CURIAM.

The Merit Systems Protection Board dismissed all of Shirley Varnado's claims as either filed too late or outside the Board's jurisdiction. We affirm the Board's decision, with one exception. As to Ms. Varnado's claim regarding the denial of a within-grade increase in pay, we vacate the Board's decision and remand to the Board for further consideration of whether Ms. Varnado was properly informed of how to establish jurisdiction over that claim and for any further appropriate proceedings.

BACKGROUND

Ms. Varnado joined the Drug Enforcement Agency (DEA) in 1987. She was removed from her job on September 20, 2007, for unacceptable performance. Thereafter, she alleges, the DEA's unfavorable employment references prevented her from obtaining and keeping another job. In particular, Ms. Varnado states that she was offered a job and began work at the Florida Department of Children and Family Services, only to lose that job weeks later when the DEA communicated its negative reference. On October 10, 2012, after the Florida agency provided her a copy of the DEA's reference, Ms. Varnado filed an appeal with the Board.

In the form she submitted to the Board, Ms. Varnado indicated that she was appealing several DEA actions, including her removal, the agency's failure to reinstate her, the denial of a within-grade pay increase (which occurred in early 2007), a negative suitability determina-

---

[*]    Honorable Jeremy Fogel, District Judge, United States District Court for the Northern District of California, sitting by designation.

tion, and the giving of a negative employment reference to the Florida agency more than two years after the removal, in alleged violation of a DEA regulation. Ms. Varnado alleged misconduct on the part of those who placed her on a performance-improvement plan, denied her a salary increase, and removed her from service; that the bases for those actions were false and contrived; and that DEA should not have provided "false, fraudulent, forged, and misleading" documents to potential employers. R.A. 25.

Recognizing that it had been more than five years since Ms. Varnado was removed from service in 2007, the administrative judge informed Ms. Varnado that her "appeal appeared to be untimely" and "directed [her] to file evidence and argument to establish either that her appeal was timely filed or that there was good cause for the late filing." R.A. 2. Ms. Varnado responded that her appeal was timely because, in May 2007, she had filed a complaint of discrimination with the DEA, the agency had never issued a final decision on that complaint, and a Board regulation therefore allowed her to file an appeal with the Board at any time. *See* 5 C.F.R. § 1201.154(b)(2). The administrative judge determined that, although Ms. Varnado had filed a discrimination complaint on May 14, 2007, *before* she was removed, she was collaterally estopped from asserting that the complaint related to her removal because a district court had determined otherwise in a lawsuit she brought involving that complaint. R.A. 3 & n.3; *Varnado v. Mukasey*, No. 08-61331-CIV, 2010 WL 2196263, at *2 (S.D. Fla. June 1, 2010). The administrative judge therefore determined that Ms. Varnado's appeal was "4 years, 11 months, and 19 days late" and then found that Ms. Varnado had not shown good cause for filing so late. R.A. 4. The administrative judge dismissed Ms. Varnado's appeal without addressing other claims.

On Ms. Varnado's petition for review, the Board affirmed the administrative judge's decision regarding her

removal, and it found no Board jurisdiction over Ms. Varnado's claims that the agency violated its own policies, committed prohibited personnel practices, and violated the National Labor Relations Act when it provided negative references to potential employers. As to Ms. Varnado's challenge to the February 2007 denial of a within-grade wage increase, the Board found that Ms. Varnado had presented no evidence that she had received an agency decision reconsidering the denial, which ordinarily is a jurisdictional prerequisite to challenging the action before the Board. *See Goines v. M.S.P.B.*, 258 F.3d 1289, 1292 (Fed. Cir. 2001). Finally, the Board determined that the agency had not made a negative suitability determination.

In this court, Ms. Varnado argues that the Board misapplied the doctrine of collateral estoppel and that, regardless, her claim was timely because she filed it within 30 days of being terminated from the Florida agency and receiving a copy of DEA's negative reference. Alternatively, Ms. Varnado argues that she established good cause for her late filing. Ms. Varnado also continues to press her claim for the denial of a within-grade pay increase, which she states "was never adjudicated," Pet'r's Br. at 47. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and now affirm the Board's decision as to all but the claim regarding the within-grade pay increase.

### DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000).

## A. Removal

Ms. Varnado was removed from service effective September 20, 2007, and her 2012 appeal obviously did not come within the normal thirty-day rule for appeal. 5 C.F.R. § 1201.22(b)(1). She argues for timeliness, however, based on 5 C.F.R. § 1201.154, which governs cases "[w]here the appellant has been subject to an action appealable to the Board" and chooses to "file a timely formal complaint of discrimination with the agency." In such a case, the appellant must file with the Board within 30 days of receiving the agency's final decision on the discrimination issue. 5 C.F.R. § 1201.154(b)(1). "If the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, the appellant may appeal the matter directly to the Board at any time after the expiration of 120 calendar days." § 1201.154(b)(2).

Ms. Varnado relies on the complaint of discrimination she filed with the DEA on May 14, 2007, nearly four months before the effective date of her removal. In 2010, however, a district court dismissed Ms. Varnado's disparate-treatment claims under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. *Varnado*, 2010 WL 2196263, at *2. In so doing, the court determined that Ms. Varnado's claims were barred because she failed to exhaust her administrative remedies, reasoning that she had not spoken with an Equal Employment Opportunity Counselor until early April 2007, which was beyond the permitted 45-day period after the acts of alleged discrimination. *Id.* The court specifically considered whether Ms. Varnado had amended her claim to include her September 2007 removal and determined that she had not. *Id.* Ms. Varnado's ensuing appeal was dismissed for failure to prosecute. *Varnado v. U.S. Att'y General*, No. 11-10417-II (11th Cir. Oct. 18, 2011) (entry of dismissal).

The Board properly determined that Ms. Varnado could not benefit from § 1201.154(b)(2) because the district-court judgment collaterally estopped her from asserting that her May 2007 discrimination complaint related to her removal. Collateral estoppel applies when: "(i) the issue previously adjudicated is identical with that now presented, (ii) that issue was 'actually litigated' in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action." *Kroeger v. U.S. Postal Serv.*, 865 F.2d 235, 239 (Fed. Cir. 1988) (quoting earlier authority). The Board properly found all four criteria satisfied as to the district court's determination that Ms. Varnado's complaint did not cover the September 2007 removal; that is what allowed the district court to find the April 2007 contact too late. That the court never reached the merits of her discrimination claim is immaterial, and we have been shown nothing to meet the demanding standard for questioning the fairness of the district-court proceeding. Thus, the Board properly concluded that Ms. Varnado could not benefit from 5 C.F.R. § 1201.154(b)(2), and the Board's finding that Ms. Varnado's appeal of her removal was filed over four years late is supported by substantial evidence.[1]

The Board also properly concluded that Ms. Varnado had not shown good cause for her filing delay. Good cause is broadly "committed to the Board's discretion," *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc), with the Board permitted to consider a range of

---

[1]     Although Ms. Varnado seems to suggest otherwise, the dates on which she was removed from her Florida-agency job and learned of an allegedly negative DEA employment reference have no bearing on the starting of the clock for appeal of her September 2007 removal from federal employment.

factors, *see Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994). Here, the Board determined that the agency's removal letter had apprised Ms. Varnado of her appeal rights and the relevant deadline and that Ms. Varnado had "not presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or," given her long delay, "shown due diligence in pursuing her appeal." R.A. 15 ("A filing delay of 4 years and 11 months is not minimal, even when the appellant is pro se."). These findings are supported by substantial evidence and are well within the Board's discretion, given the removal letter, R.A. 81 (letter of removal stating that Ms. Varnado "may appeal this action to the . . . Board . . . . no later than 30 calendar days after the effective date of [her] removal"), and the fact that Ms. Varnado did not file with the Board until more than two years after the district court's dismissal, and one year after the appellate dismissal, of her disparate-treatment claims. We therefore affirm the Board's dismissal of Ms. Varnado's appeal of her 2007 removal from service.

## B. Within-Grade Pay Increase

Ms. Varnado continues to challenge the February 2007 denial of a within-grade pay increase. R.A. 15 n.4; Pet'r's Br. at 41. The hearing officer did not address this claim. R.A. 1–5. The Board rejected the claim, concluding that it lacked proof of jurisdiction because Ms. Varnado "presented no evidence that she received a reconsideration decision," which is "a jurisdictional prerequisite for an appeal of a denial of" such a pay increase. R.A. 15 n.4.

Under 5 U.S.C. § 5335(a), a federal employee who does not already receive the highest salary available to an employee of his or her grade is entitled, under certain circumstances, to regular increases in pay. An employee who is denied such an increase based on unacceptable

performance may seek reconsideration of the decision, and if the decision remains unchanged, the employee may thereafter appeal to the Board. § 5335(c). We have held that the Board "has no jurisdiction over an appeal from the withholding of a within-grade increase unless the employee had sought reconsideration of that action by the agency in accordance with the agency's requirements." *Goines*, 258 F.3d at 1292.

But no evidence has been presented to us indicating that Ms. Varnado was properly informed of how she could show jurisdiction over her wage-increase claim. Based on *Burgess v. Merit Systems Protection Board*, 758 F.2d 641 (Fed. Cir. 1985), the Board routinely remands for further action by the administrative judge in situations where the petitioner has not received information regarding how to establish Board jurisdiction over his or her claim. *Id.* at 643–44; *e.g.*, *Ney v. Dep't of Commerce*, 115 M.S.P.R. 204, 209–10 (2010); *Guzman v. Dep't of Veterans Affairs*, 114 M.S.P.R. 566, 572–73 (2010) ("[B]ecause the administrative judge never informed the appellant of his burden and elements of proof for establishing such a claim, we must remand the appeal so that the appellant might receive such notice."). On the record before us, we find it appropriate to remand this matter to the Board, particularly in light of Ms. Varnado's pro se status. *See Siman v. Dep't of Air Force*, 80 M.S.P.R. 306, 310–11 (1998); *Boughton v. Dep't of Agr.*, 94 M.S.P.R. 347, 350 (2003).

We draw no conclusions about whether Ms. Varnado was actually notified about how to establish jurisdiction, about the issue of whether a reconsideration request was made, denied, or ignored, or about whether Ms. Varnado timely presented the wage-increase claim. We note that Ms. Varnado states that she sought reconsideration and at least implies that it was denied. Pet'r's Br. at 18. She also has submitted certain allegedly relevant documents. *E.g.*, Pet'r's App. at Ex. 1 and Ex. 28. Moreover, even if she did not receive a reconsideration decision, the Board

has elsewhere indicated that jurisdiction may rest on an unreasonable refusal to act on a request for reconsideration. *Jack v. Dep't of Commerce*, 77 M.S.P.R. 332, 335 (2005). The government has not addressed Ms. Varnado's wage-increase claim in its brief in this court. Therefore, we think it appropriate to remand this claim to the Board.

## C. Remaining Claims

Ms. Varnado challenges the agency's provision of negative references to other employers. Pet'r's Br. at 4–6, 13, 21– 24, 38–40. She does so on various grounds, such as alleged violation of agency policies. But the Board properly rejected Ms. Varnado's claims as beyond the Board's jurisdiction because the negative references themselves are not appealable, and there is no basis for treating the references as contributing to an appealable (and appealed) adverse action that is within the Board's jurisdiction, such as removal. R.A. 16 (citing *Shifflett v. Dep't of Navy,* 83 M.S.P.R. 472, 474–75 (1999); *Davis v. Dep't of Defense*, 105 M.S.P.R. 604, 611 (2007)); *see Saunders v. Merit Sys. Prot. Bd.,* 757 F.2d 1288, 1290 (Fed. Cir. 1985) ("Section 2302(b) [defining prohibited personnel actions] is not an independent source of appellate jurisdiction and does not itself authorize an appeal.").[2]

This conclusion applies to Ms. Varnado's various formulations: defamation, Pet'r's Br. at 38–40; tortious

---

[2]    In certain circumstances, such as "when the appellant claims retaliation for whistleblowing in violation of 5 U.S.C. § 2302(b)(8)," *Davis*, 105 M.S.P.R. at 611, the appellant may "seek corrective action from the Merit Systems Protection Board," 5 U.S.C. § 1221(a). Although, in her brief to us, Ms. Varnado states that the negative references were made in retaliation for whistleblowing, *see* Pet'r's Br. at 5, we see no evidence of such claims in her initial filing to the Board. *See* R.A. 21–30.

interference with her Florida-agency employment con-tract, *id.* at 49; violation of the Privacy Act (citing 5 U.S.C. § 552), Pet'r's Br. at 41. The Board lacks jurisdic-tion over any such claims. *See* 5 C.F.R. § 1201.3 (outlin-ing the Board's appellate jurisdiction); *see also Cook v. Merit Sys. Prot. Bd.*, 70 F.3d 1289, at *1 (Fed. Cir. 1995) (unpublished table decision) ("The Board does not have jurisdiction over actions involving state agencies or tort claims."). The same is true of Ms. Varnado's apparent challenge to the absence of the DEA Director's signature on her Standard Form 50. R.A. 16.

The Board dismissed Ms. Varnado's claim that the agency violated the National Labor Relations Act, deter-mined that no negative suitability determination oc-curred, and did not independently address Ms. Varnado's apparent appeal of a failure to reinstate her to employ-ment (if this is different from her appeal of her removal). Ms. Varnado addresses none of these issues on appeal.

CONCLUSION

For the foregoing reasons, we vacate the Board's deci-sion dismissing Ms. Varnado's appeal of the denial of a within-grade pay increase and remand on that issue. We affirm the Board's dismissal in all other respects.

No costs.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**