# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SHIRLEY ANN VARNADO, <br> Appellant, | DOCKET NUMBER <br> AT-0752-13-0039-M-1 |
| v. | |
| DEPARTMENT OF JUSTICE, <br> Agency. | DATE: January 6, 2017 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Hewitt Smith, Tampa, Florida, for the appellant.

Marcia N. Tiersky, Esquire, Springfield, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1    The appellant has filed a petition for review of the remand initial decision, which dismissed as moot her appeal from the denial of a within-grade increase (WIGI).  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the remand initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    The appellant held the position of Criminal Investigator with the agency's Drug Enforcement Administration. *Varnado v. Department of Justice*, MSPB Docket No. AT-0752-13-0039-M-1, Remand File (RF), Tab 22 at 9. In February 2007, the agency withheld her scheduled WIGI pending the completion of a performance improvement plan. RF, Tab 21 at 107. The appellant challenged the action through the equal employment opportunity (EEO) process. RF, Tab 34 at 42. In September 2007, the agency removed the appellant for unacceptable performance. RF, Tab 22 at 9.

¶3    After EEO proceedings before the agency, the U.S. District Court for the Southern District of Florida, and the U.S. Court of Appeals for the Eleventh Circuit, the appellant filed a Board appeal. *Varnado v. Department of Justice*, MSPB Docket No. AT-0752-13-0039-I-1, Initial Appeal File (IAF), Tab 1, Tab 7 at 19; *Varnado v. Department of Justice*, MSPB Docket No. AT-0752-13-0039-L-1, Litigation File, Tab 9, Appendix at 57-66. The administrative judge dismissed the removal claim as untimely filed without good cause shown. IAF, Tab 11, Initial Decision at 1, 4-5. On review, the Board affirmed the administrative judge's timeliness determination and noted that "[t]he appellant [] presented no evidence that she received a reconsideration decision, a jurisdictional prerequisite for an appeal of a denial of a [WIGI]." *Varnado v. Department of Justice*, MSPB Docket No. AT-0752-13-0039-I-1, Final Order at 2, 6 n.4 (Mar. 4, 2014).

¶4    Following the Board's decision, the appellant appealed the decision to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). *Varnado v. Merit Systems Protection Board*, 603 F. App'x 963 (Fed. Cir. 2015). The Federal Circuit agreed with the Board regarding the dismissal of the removal claim, but remanded the WIGI denial claim to the Board to inform the appellant of the elements of her jurisdictional burden of proof and provide her with an opportunity to establish jurisdiction over the WIGI denial. *Id.* at 967-69.

¶5      Following a determination by the administrative judge on remand that the Board had jurisdiction over the denial of the appellant's WIGI, the agency granted the appellant a retroactive WIGI, paid her back pay, including interest, and filed a motion to dismiss the appeal as moot. RF, Tabs 19, 26, 32. The administrative judge ordered the appellant to show cause why the appeal should not be dismissed as moot. RF, Tab 33. The appellant responded. RF, Tab 34.

¶6      In a remand initial decision, the administrative judge found that the appellant received the relief to which she would have been entitled to receive if she had prevailed on her WIGI denial claim, and thus, he dismissed the appeal as moot. RF, Tab 36, Remand Initial Decision (RID) at 1, 3-4. Contrary to the appellant's arguments, he found that the Federal Circuit's decision does not require or authorize the Board to reopen her removal appeal. RID at 3.

¶7      The appellant has filed a petition for review. *Varnado v. Department of Justice*, MSPB Docket No. AT-0752-13-0039-M-1, Remand Petition for Review (RPFR) File, Tabs 4, 6. The agency has filed a response, and the appellant has replied. RPFR File, Tabs 8-9.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8      A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the case. *Hess v. U.S. Postal Service*, 2016 MSPB 40, ¶ 8. An appeal will be dismissed as moot if, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant. *Id.* Thus, an agency's complete rescission of the action appealed, and an appellant's restoration to the status quo ante, may render an appeal moot. *Id.* However, if an appellant raises a claim for compensatory damages that the Board has jurisdiction to adjudicate, the agency's complete rescission of the action appealed does not afford her all of the relief available before the Board and thus the appeal is not moot. *Id.*

¶9      As noted previously, the appellant filed an EEO complaint regarding the denial of her WIGI.  RF, Tab 34 at 42.  On review, the appellant claims entitlement to compensatory damages.  RPFR File, Tab 4 at 5, 12, Tab 9 at 2, 7.  Because the appellant could have been entitled to compensatory damages based on her discrimination claims, the administrative judge erred by failing to consider them below.  *See Hess*, 2016 MSPB 40, ¶ 20 (finding that the Board has the authority to award compensatory damages); 5 C.F.R. §§ 1201.201(d), 1201.202(c).  Therefore, we vacate the remand initial decision dismissing the appeal as moot and remand the appeal for further adjudication of the appellant's discrimination and compensatory damages claims.  *See, e.g.*, *Antonio v. Department of the Air Force*, 107 M.S.P.R. 626, ¶¶ 1, 13-15 (2008) (vacating the initial decision that dismissed the appellant's removal appeal as moot and remanding the appeal for further adjudication of his discrimination and potential compensatory damages claims).[2]

¶10     On remand, the administrative judge shall apprise the appellant of her burdens of proof on her discrimination claims and allow the parties to present evidence and argument on these claims.  *See id.*, ¶ 15.  If necessary, he should also hold a hearing on her discrimination claims.  IAF, Tab 1 at 2; *see Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶¶ 9-10 (2016) (remanding the appellant's discrimination claims for a hearing because she raised a cognizable claim of discrimination in connection with an otherwise appealable action).

---

[2] Because compensatory damages are not authorized for age discrimination claims, the administrative judge need not address the appellant's age discrimination claim on remand.  *Antonio*, 107 M.S.P.R. 626, ¶ 13.

**ORDER**

¶11      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.