**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHIRLEY ANN VARNADO,
        Appellant,

      v.

DEPARTMENT OF JUSTICE,
        Agency.

DOCKET NUMBER
AT-0752-13-0039-B-1

DATE: July 17, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Hewitt Smith, Tampa, Florida, for the appellant.

Christopher M. De Bono, Esquire, and Marcia N. Tiersky, Esquire,
    Springfield, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the April 21, 2017 remand initial decision, which dismissed as moot her appeal from the denial of a within-grade increase (WIGI). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the remand initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2        This case has an extensive procedural history that is set out more fully in the Board's January 6, 2017 Remand Order.  *Varnado v. Department of Justice*, MSPB Docket No. AT-0752-13-0039-M-1, Remand Petition for Review File, Tab 10, Remand Order (RO), ¶¶ 3-7.  The sole remaining issue is the agency's February 2007 denial of the appellant's WIGI.  *Varnado v. Merit Systems Protection Board*, 603 F. App'x 963, 967-68 (Fed. Cir. 2015); RO, ¶ 10; *Varnado v. Department of Justice*, MSPB Docket No. AT-0752-13-0039-M-1, Remand File (M-1 RF), Tab 21 at 101-02, 107.  The administrative judge found that this claim is moot in the April 21, 2017 remand initial decision that is currently before us on review.  *Varnado v. Department of Justice*, MSPB Docket No. AT-0752-13-0039-B-1, Remand File (B-1 RF), Tab 14, Remand Initial Decision (RID) at 1-7.

¶3        Before filing the underlying appeal, the appellant challenged the WIGI denial in a May 2007 equal employment opportunity (EEO) complaint.  B-1 RF, Tab 6 at 20-21, 27; *Varnado v. Department of Justice*, MSPB Docket No. AT-0752-13-0039-I-1, Initial Appeal File (IAF), Tab 1 at 3.  Although she requested that the agency issue a final agency decision on her EEO complaint, it failed to do so.  B-1 RF, Tab 6 at 67.  She subsequently filed a Title VII complaint in district court, but did not specifically raise her WIGI denial as an issue in her district court complaint.[2]  *Id.* at 71-72.  It appears that both parties believed the WIGI denial would be litigated if the district court case went to a trial.  For example, the agency referenced the WIGI denial in its answer to the complaint, the appellant conducted discovery on the WIGI denial, and both parties included

---

[2] After the appellant filed in district court, the agency issued a letter advising her that it was dismissing her EEO complaint because she had filed a Federal district court complaint.  B-1 RF, Tab 6 at 75.  The agency notified her of her appeal rights, but did not include notice of her right to request a hearing before the Board.  *Id.* at 75-76.

documentation concerning the WIGI denial in their list of trial exhibits. *Id.* at 84, 95-99, 179, 190.

¶4　　The agency filed a motion for summary judgment and a reply in support of its motion, neither of which referenced the appellant's WIGI denial claim.[3]　The appellant filed a reply to the agency's motion and an amended reply, both of which identified the WIGI denial among the adverse actions at issue. *Id.* at 101, 104-05, 126, 162, 164-65.　The district court judge granted the agency's motion for summary judgment without referencing the appellant's WIGI denial claim. *Varnado v. Mukasey*, No. 08-61331, 2010 WL 2196263 (S.D. Fla. June 1, 2010); B-1 RF, Tab 7 at 4-11.　The appellant filed an appeal to the Eleventh Circuit Court of Appeals, which the court dismissed for failure to prosecute.　B-1 RF, Tab 7 at 36-37.

¶5　　Turning back to the instant appeal, the administrative judge's April 21, 2017 remand initial decision dismissed the appeal as moot.　RID at 1, 6-7. Specifically, he found that the agency had retroactively granted the appellant's WIGI and paid her back pay and interest.　RID at 3; M-1 RF, Tab 26 at 11, Tab 32 at 6-7.　He also found that any compensatory damages that the appellant might seek for her EEO claims concerning the WIGI denial were precluded by collateral estoppel in light of the district court decision.　RID at 3-6.

¶6　　The appellant filed a petition for review challenging, among other things, the administrative judge's applying collateral estoppel and dismissing her appeal as moot. *Varnado v. Department of Justice*, MSPB Docket No. AT-0752-13-0039-B-1, Remand Petition for Review (B-1 RPFR) File, Tab 1 at 8-15.　The agency filed a response opposing the petition.　B-1 RPFR File, Tab 6.

---

[3] The parties did not provide the agency's motion for summary judgment or its reply in support of its motion; however, the Board has obtained copies of both pleadings. *See* 5 C.F.R. § 1201.64 (providing that an administrative judge may take official notice of matters that can be verified).

¶7      The Board then issued an order informing the parties that there remained a question of whether the Board has jurisdiction over the appeal.  B-1 RPFR File, Tab 9 at 1.  Both parties responded to the Board's jurisdictional order.[4]  B-1 RPFR File, Tabs 12-13.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over this appeal.

¶8      The administrative judge found that the Board has jurisdiction over the appellant's WIGI denial claim because the appellant requested reconsideration of the WIGI decision, and that request was denied.  M-1 RF, Tab 19 at 1, Tab 21 at 101-02, 107.  The parties do not dispute this finding on review, and we decline to disturb it.  5 U.S.C. § 5335(c); *see Goines v. Merit Systems Protection Board*, 258 F.3d 1289, 1292 (Fed. Cir. 2001) (interpreting 5 U.S.C. § 5335(c) as requiring an employee to request reconsideration of a WIGI withholding before appealing such action to the Board); *Brookins v. Department of the Interior*, 2023 MSPB 3, ¶ 6 (same); 5 C.F.R. § 531.410(d) (requiring an agency to provide an employee with notice of Board appeal rights upon denying a request for reconsideration of a WIGI denial).

¶9      On review, the Office of the Clerk of the Board issued an order to the parties to address an additional jurisdictional requirement.  B-1 RPFR File, Tab 9. As explained in that order, under the Board's case law at the time, if an employee was covered by a collective bargaining agreement (CBA) that provided for review of WIGI denials under the grievance procedure, and if she did not allege prohibited discrimination, then the grievance procedure was the exclusive means for resolving the dispute.  *See Hunt v. Department of Veterans Affairs*, 88 M.S.P.R. 365, ¶ 8 (2001).  However, the Board has since overruled *Hunt* on

---

[4] The appellant filed a motion for leave to correct her response to the Board's order that includes the requested correction.  B-1 RPFR File, Tab 14.  The agency has not opposed the motion.  We grant the appellant's motion and find that the correction does not change the outcome of this appeal.

this basis. *Brookins*, 2023 MSPB 3, ¶¶ 8-10. Further, both parties responded that the appellant was not covered by a CBA that permits bargaining unit employees to grieve a WIGI denial, and the appellant alleges that the WIGI denial was discriminatory. B-1 RPFR File, Tab 12 at 4-5, Tab 13 at 4; *see McCann v. Department of the Navy*, 57 M.S.P.R. 288, 294 (1993) (recognizing that the Board is not divested of jurisdiction by the terms of a CBA providing for exclusivity of remedy when an appellant alleges discrimination). Accordingly, we affirm the administrative judge's jurisdictional finding.

<u>This appeal is not moot and must be remanded for further adjudication of the appellant's EEO claims.</u>

¶10    Collateral estoppel, or issue preclusion, is appropriate when (1) the issue is identical to that involved in the prior action, (2) the issue was actually litigated in the prior action, (3) the determination on the issue in the prior action was necessary to the resulting judgment, and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the prior action or as one whose interests were otherwise fully represented in that action. *Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988); *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005). The "actually litigated" element is satisfied when the issue was "properly raised by the pleadings, was submitted for determination, and was determined." *Banner v. United States*, 238 F.3d 1348, 1354 (Fed. Cir. 2001); *see Luna v. Department of the Air Force*, 87 M.S.P.R. 232, ¶ 8 (2000) (observing that the "actually litigated" element requires that the issue must have been contested by the parties and resolved by the adjudicator).

¶11    Here, we find that the appellant's EEO claims regarding the WIGI denial were not actually litigated in the district court action, as required for applying collateral estoppel. The agency did not squarely raise the issue in its motion for summary judgment. The appellant's references to her WIGI denial in her opposition to the agency's motion were insufficient to clearly place the issue

before the district court judge. Further, the district court decision granting the agency's motion did not mention the WIGI denial despite referencing other specific acts of alleged discrimination. *Varnado*, 2010 WL 2196263, at \*2-\*3; B-1 RF, Tab 7 at 7-9; *see, e.g.*, *Johnson v. Department of the Air Force*, 92 M.S.P.R. 370, ¶ 14 (2002) (finding that an issue was not actually litigated by the administrative judge when she only discussed the procedural history of the issue); *Luna*, 87 M.S.P.R. 232, ¶ 8 (finding that an issue was not actually litigated in a prior Board appeal when the administrative judge in the earlier appeal only mentioned the issue and found that it was not properly raised by the appellant). Therefore, we find that collateral estoppel does not preclude the appellant's WIGI claim.

¶12    If an appellant raises a claim for compensatory damages that the Board has jurisdiction to adjudicate, the agency's complete rescission of the action appealed does not afford her all of the relief available before the Board, and thus, the appeal is not moot. *Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 8 (2016). Here, because the appellant's potential entitlement to compensatory damages based on her EEO claims regarding the WIGI denial remains unresolved, her appeal is not moot. *Id.*, ¶¶ 9, 19-20 (finding that the Board has the authority to award compensatory damages for discrimination and EEO reprisal claims); 5 C.F.R. §§ 1201.201(d), 1201.202(c) (indicating that the Board may award compensatory damages to a prevailing party who is found to have been the subject of intentional discrimination). Accordingly, we vacate the April 21, 2017 remand initial decision dismissing the appeal as moot and remand the appeal for further adjudication of the appellant's WIGI denial. On remand, the administrative judge shall allow the parties to develop the record and, if necessary, he should hold a hearing. *See Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶¶ 9-10 (2016) (remanding the appellant's EEO claims for a hearing because she raised a cognizable claim of discrimination in connection

with an otherwise appealable action). He should then issue a new remand initial decision on the merits of the appellant's WIGI denial claim.[5]

¶13    In light of our findings here, we find it unnecessary to reach the appellant's remaining arguments on review regarding the application of collateral estoppel, alleged procedural errors, and the appropriate standard of proof. B-1 RPFR File, Tab 1 at 10-18. On remand, she may again raise issues regarding the adjudication of her appeal to the extent they are relevant to the remaining issues. Moreover, we decline to revisit our prior finding that the appellant's removal appeal was untimely filed. *Id.* at 17-19; *Varnado*, 603 F. App'x at 965-67.

## ORDER

¶14    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                                     /s/ for

                                                   Jennifer Everling
                                                   Acting Clerk of the Board

Washington, D.C.

---

[5] The administrative judge may readopt the prior finding of Board jurisdiction.